

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. R. Cornelius
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-5072
Re: Authority of independent
school district to contract
with an attorney, not resi-
dent in the County, to col-
lect delinquent taxes when
County Attorney had no
statutory notice of said
contract.

We received your letter dated January 27, 1943
which is self-explanatory and reads as follows:

"About July or August of 1942 the
Jefferson Independent School District made
a contract with an attorney of San Antonio,
Texas, to collect the delinquent taxes owing
to it as provided under Article 7343, Revised
Civil Statutes, 1925, Acts, Second Called
Session, 1923, allowing said attorney 15%
of the taxes, penalty and interest col-
lected by him as a fee.

"At the time this contract was executed
the Hon. Shelburne R. Glover was County Attor-
ney of Marion County, Texas, and said school
board did not instruct him to file suit to
recover the delinquent taxes then owing to
it, or give him the 60 days notice therein
prescribed, nor did he waive such notice.
After the contract was made, Mr. Glover noti-
fied the public by a notice in the local
paper that he had not waived his rights with
reference to said contract and did not intend

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to do so.

"Some of the tax payers of said District
who owe delinquent taxes are of the opinion
that since the school board did not comply
with the Statute in this respect, that the
contract is invalid, and the school board is
having difficulty collecting its delinquent
taxes.

"Will you, therefore, answer the following
questions:

"Question No. 1 -- Under the above circum-
stances, will you please advise whether this
contract made with an attorney who is not a
resident of Marion County, Texas, is valid.

"Question No. 2 -- If you have answered
the above question that the contract is invalid,
will you please advise whether an attempted
ratification of such contract by me as County
Attorney at this time would validate the same."

Article 7343, V.A.C.S., provides, in part, as
follows:

"In any incorporated city or town in
which any tracts, lots, outlots or blocks
of land, situated within the corporate limits
of said city or town have been returned delin-
quent, or reported sold to said city or town
for the taxes due thereon, the governing body
may prepare or cause to be prepared lists of
delinquents in the same manner as provided in
this chapter, and such lists shall be certified
to as correct by the mayor of said city or town,
if any, and if said city or town has no mayor,
by the presiding officer of the governing body.
After said lists have been properly certified
to, the governing body of the city may cause
lists of delinquents to be published in a news-
paper as provided for State and county delinquent

taxes in this law. When twenty days from the date of last publication of said list or lists of delinquents has elapsed, the governing body of the city or town may direct the city attorney to file suits for collection of said taxes, or said governing body may employ some other attorney of the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit. Independant school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits. <u>If the school board instructs the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the county to file suit.</u> The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes. No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits. The employment of an attorney to file suit for taxes for cities, towns, or independent school districts shall authorize said attorney to file said suits, swear to the petitions and perform such other acts as are necessary in the collection of said taxes." (Underscoring ours).

In opinion No. O-2624, this department held that an independent school district could legally contract with an attorney, who did not reside in the County where the school district was located, within the meaning of the above quoted statute. We are enclosing herewith a copy of said opinion.

It is to be noticed however that the above statute provides that "If the school board instructs the County Attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney...". It appears to us that by this language the Legislature has imposed a condition precedent to the authority of the School Board to employ an attorney to file delinquent tax suits. It is our opinion that the School Board was without authority to employ an attorney to file delinquent tax suits until it first instructed the County Attorney to file some and he failed or refused to do so within sixty days. While it is true that Mr. Glover, the County Attorney, could have waived the sixty day requirement, it is apparent from your letter that he did not do so. See Slimp v. Wise County, 96 S.W. (2d) 537. It follows from what we have said that the contract in question is invalid.

Article 7343, supra, is as codified in the revision of statutes in 1925. Prior to this, said Article (H.B. No. 11, Acts 36th Leg., First Called Session) read in part as follows:

"* * * *. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits, or may, in their discretion, employ some other practicing attorney of the county to file said suits. If the school board instructs the county attorneys to file said suits, and he fails or refuses to do so for sixty days, it shall then be proper for the school board to employ some other attorney of the county to file suit. * * *."

In analyzing Article 7343 as it read before the revision of 1925, we find that it was clearly discretionary with the school board as to whether it should first instruct the county attorney to file said suits before employing some outside attorney to file same. Art. 7343, as it was amended in 1925 and as it presently reads, does not give the school board any such discretionary power. In our opinion, this change of verbiage in Article 7343 by the revision of 1925 is an additional reason compelling our conclusion that the contract in question is invalid for the reason that the county attorney was not first instructed to file said suits.

We wish to point out that there is a considerable difference between the fees that a County Attorney may be allowed for collecting delinquent taxes for an independent school district and the fees that an outside attorney may be allowed. The maximum fee that the County Attorney may collect for one case is five dollars. The outside attorney may be allowed a fee up to fifteen per cent of the amount collected. Articles 7332, 7335a, V.A.C.S. and Bell vs. Mansfield Independent School District, 129 S.W. (2d) 629. (Com. of Appeals).

It is apparent to us that the Legislature wanted to make certain that the County Attorney would not file the delinquent tax suits before the school board would be authorized to employ an outside attorney. To say that you can ratify the contract in question would, it seems to us, nullify the effect of the statutory provision requiring the school board to first request the County Attorney to file the delinquent tax suits. We might point out that the County Attorney is not a party to the contract in question. Neither have we been able to find any authority for the proposition that one, not a party to an invalid contract of this kind, may validate same as to all parties thereto by ratifying it. It follows from what we have said that we answer your last question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lee Shoptaw

Lee Shoptaw
Assistant

APPROVED MAR 17, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

LS:nw

Encl.